## WILLIAM C. HOLMES *vs.* ISAAC S. DOANE.

A shipowner, who refuses to carry a passenger whom he has engaged to carry, and proceeds on the voyage, without giving the passenger reasonable opportunity to remove his luggage, or with the intent to carry it beyond his reach, thereby terminates the contract of carriage, and is liable in trespass for the carrying away of the luggage.

TRESPASS *de bonis asportatis.* At the trial in the court of common pleas at October term 1853, before *Hoar*, J. the plaintiff introduced evidence tending to show that the defendant, as owner of the Brig Globe, agreed to take him from Boston to San Francisco ; but, within an hour before the brig sailed, wrongfully ordered the plaintiff to leave the brig, which he did; and put part of his luggage on shore ; but carried the residue of it to California, which was the taking and carrying away sued for. There was no evidence that the plaintiff demanded his

goods, or gave any notice that he had not received all of them, or made any effort to prevent their being carried in the brig, in case she should sail without him. But it was in evidence that when the defendant refused to carry him, he said that he would go in the brig, and went to get a writ and an officer to attach her, but returned after she had sailed.

" The defendant contended that, on this evidence, the action of trespass could not be maintained; and that whatever loss or damage the plaintiff had sustained, if any, was only incidental to the alleged breach of contract to carry the plaintiff to San Francisco; for which breach of contract the plaintiff had sued, and had recovered his damages by a verdict of the same jury before whom the present case was on trial; but in that suit no claim was made for the loss of the luggage, and the jury had been instructed not to consider it.

" But the court instructed the jury in the following terms : 1. To constitute a trespass, there must be a disturbance of the plaintiff's possession. 2. This disturbance may be by an actual taking, a physical seizing or taking hold of the goods, removing them from their owner, or by exercising a control or authority over them inconsistent with their owner's possession. 3. If, in this case, the goods were put on board the defendant's vessel by the plaintiff, with an intent that they should go with him to California in the vessel, under a contract by which the defendant was bound to convey him and his goods in the vessel, and the defendant, in violation of his contract, refused to allow the plaintiff to go, the defendant would not be responsible in trespass for ordering his vessel to sail with the goods on board; unless he did so without giving the plaintiff notice and reasonable opportunity to remove his goods; or unless, knowing the goods to be on board, he required the vessel to sail, with a view to carry the goods out of the plaintiff's reach. If either of these alternatives exist, the plaintiff may sustain his action."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. A. Andrew,* for the defendant. The defendant obtained possession of the goods rightfully, and not by tort, and is liable

Holmes *v.* Doane.

at most for a mere nonfeasance, which cannot constitute a tres-pass. Nor, even if the defendant abused the power given him by the possession, can he be held guilty of a trespass. 1 Chit. Pl. (6th Amer. ed.) 144, and cases cited. *Six Carpenters' case,* 8 Co. 146, and 1 Smith's Lead. Cas. 62 & *notes. Cushing* v. *Adams,* 18 Pick. 114. *Bradley* v. *Davis,* 14 Maine, 44. *Meany* v. *Head,* 1 Mason, 319. As the plaintiff put the goods on board to be carried, and did not afterwards signify any wish that they should not be carried, the sailing of the brig with them on board was no interference with his disposition of the goods. Not giving notice to the plaintiff to remove the goods was only a nonfeasance, and so no trespass. A trespass is an act, and not a purpose of the mind; and therefore, if the act of setting sail according to the course of the ship's business was not a trespass, no thought in the defendant's mind could render it so. The plaintiff cannot recover for any injury occasioned by the carrying away of the goods, because he did not notify the defendant, nor give him any opportunity to prevent the injury. *Loker* v. *Damon,* 17 Pick. 288.

*T. Willey,* for the plaintiff.

DEWEY, J. Upon looking at the instructions to the jury, they are found to be stated with entire accuracy, and under all proper limitations. The only point of any difficulty in the case is the objection that the damages for the carrying away of the property of the plaintiff were properly recoverable in his action for breach of contract in not carrying him to California. We think, upon the facts that must, under the instructions of the court, have been found by the jury, that the contract was broken and terminated by the unlawful acts of the defendant before the actual sailing of the vessel. A new relation thereupon arose between the parties, and the subsequent act of conversion of the plaintiff's goods may be treated as a distinct and independent cause of action.

*Exceptions overruled.*